Filed 5/25/21  P. v. Sherman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C092599 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF19-00895) |
| v. | |
| TROY THEOSIUS SHERMAN, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Troy Theosius Sherman, Jr., filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, and finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The People's felony information charged defendant with dissuading a witness by threat or force (Pen. Code, § 136.1, subd. (c)(1); count 1)[1] and infliction of injury on a cohabitant (§ 273.5, subd. (a); count 2). The information further alleged as to both counts that defendant had suffered a prior strike (§ 1170.12), and as to count 1, that he had suffered a prior serious felony conviction (§ 667, subd. (a)(1)).

Defendant pleaded no contest to count 2 in exchange for a stipulated sentence of the low term of two years (the upper term of four years if defendant violated his *Cruz*[2] waiver), dismissal of the remaining count, and striking of the enhancement allegations. The parties stipulated the factual basis for the plea was embodied in Marysville Police Department report No. 1904-2445, and if witnesses were to testify, they would establish defendant's willful infliction of corporal injury on the victim who lived with him and was the mother of his child.

At the July 13, 2020 sentencing hearing, the victim accused the officer who took her statement of lying, blamed the incident on her mental health problems, and asked the court to delay the proceedings to allow defendant to receive his tax return and set up housing for the victim and their children. The court denied the request to delay sentencing, but made arrangements to address the victim's concern. The court then imposed a sentence of two years as previously agreed, with 92 days of actual credit plus 92 days of conduct credit for a total of 184 days of custody credit. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a matching suspended $300 parole revocation restitution fine, a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). All further fines and fees were waived in

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

light of defendant's indigency and his family's homelessness.  Defendant timely appealed and was granted a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant, and accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.


      KRAUSE      , J.


We concur:


      RAYE      , P. J.


      DUARTE      , J.